# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1165

_____

United States of America,

          Appellee,

v.

Kenneth Archambeau,

          Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: October 6, 2000
Filed: October 12, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

In 1992 Kenneth Archambeau pleaded guilty to aiding and abetting assault with a dangerous weapon while using a firearm, in violation of 18 U.S.C. §§ 924(c) and 2(a). The district court[1] sentenced him to a mandatory term of five years imprisonment, and he began a three-year term of supervised release in October 1996. Archambeau violated the conditions of his release, was sentenced upon revocation in February 1998 to seven months imprisonment and two years supervised release, and was reinstated to

_____

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

supervision in June 1998.  In July and August 1999, Archambeau again violated the conditions of his supervised release by leaving the judicial district without permission, consuming alcoholic beverages, committing disorderly conduct, failing to notify the probation officer of an arrest and change of residence, failing to work regularly, failing to report to the probation officer, and failing to appear in tribal court.

At the revocation hearing, Archambeau did not contest revocation, but requested a term of imprisonment without additional supervised release, asserting that supervision did not work for him and he was unable to meet its requirements.  The government requested a short prison term with supervised release, stating the belief that Archambeau could succeed with the support of supervision.  After noting that Archambeau was going to have to overcome his alcoholism, and that supervision could help him, the district court sentenced him to ten months imprisonment to be followed by one year of supervised release, the conditions of which included participation in a substance-abuse treatment program.  Archambeau appeals.

After a thorough review of the record, we reject Archambeau's argument that the government failed to meet its burden of proof at sentencing.  The government was only required to prove that Archambeau violated the conditions of his supervised release (which he admitted); it was not required to prove that he and society would benefit from the imposition of an additional term of supervised release.  See 18 U.S.C. § 3583(e)(3) (court may revoke term of supervised release if court finds by preponderance of evidence that defendant violated conditions of supervised release). The district court then had the discretion to impose the instant sentence under section 3583(e)(3), and thus Archambeau's ex post facto argument based on the application of 18 U.S.C. § 3583(h) is unavailing.  See Johnson v. United States, 120 S. Ct. 1785, 1802, 1807 (2000) (though § 3583(h) does not apply retroactively to offenses committed before 1994, § 3583(e)(3) already allowed district court to impose additional term of supervised release following reimprisonment; ex post facto question

does not arise where defendant is no worse off under § 3583(h) than he was under § 3583(e)(3)).

We also reject Archambeau's argument that the district court did not consider his history and characteristics or the need for the sentence to provide just punishment for the offense, as the sentencing transcript shows that the court considered Archambeau's violations of supervised release and his history of alcoholism and treatment. <u>See</u> 18 U.S.C. § 3553(a)(1), (a)(2)(A); <u>United States v. Grimes</u>, 54 F.3d 489, 492-93 (8th Cir. 1995) (no abuse of discretion where court considered number and nature of defendant's violations of supervised release in selecting revocation sentence).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.